UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN TREVINO                                CIVIL ACTION

VERSUS                                      NO: 09-3146

MACSPORTS, INC. AND ACADEMY, LTD.           SECTION: R(3)


**ORDER**

Before the Court is defendants' motion to dismiss plaintiff's state law claims. Defendants' motion is granted and plaintiff is given leave to amend.

**I.  Background**

Plaintiff, John Trevino, designed and owns the copyright to the "USM Standing Eagle," a drawing of the University of Southern Mississippi's Golden Eagle mascot. Trevino's drawing shows the mascot in a standing pose wearing a USM t-shirt. Trevino alleges that defendant MacSports, Inc. manufactured folding chairs displaying his USM Standing Eagle without permission, which were sold by co-defendant Academy Sports, Ltd. at its retail stores.

Trevino's complaint states claims for copyright infringement, unjust enrichment, and misappropriation. Trevino's state law claims for unjust enrichment and misappropriation are set forth in Count II of his complaint, which states in pertinent part:

19.

> The actions of defendants . . . falsely representing and marketing portions of the "Art" as their own constitutes a Misappropriation of Trevino's "Art."

20.

> Specifically, the false representation of ownership by the defendants, the failure to give notice to the public that Trevino is the owner of the "Art" and other acts more fully described above has resulted in confusing the public and has resulted in substantial loss of income to Trevino and the unjust enrichment of the defendants.

(R. Doc. 1 at 17.) Academy and MacSports have moved to dismiss these state law claims as preempted by the Federal Copyright Act, 17 U.S.C. § 101, *et seq.*

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1959

2

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232(5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

**III. Analysis**

The Copyright Act expressly preempts state law causes of action falling within its scope, with a few exceptions. 17 U.S.C. § 301(a); *see also Daboub v. Gibbons*, 42 F.3d 285, 288 (5th Cir. 1995). To determine whether the Copyright Act preempts a state law cause of action requires a two-step analysis. *See Daboub*, 42 F.3d at 288-89. First, the Court considers whether the cause of action falls within the subject matter of copyright. *See id.* Second, the Court decides whether the cause of action protects rights that are "equivalent" to any of the exclusive rights of a federal copyright. *See* 17 U.S.C. §§ 106, 301(b); *Daboub*, 42 F.3d at 289. The Copyright Act grants the copyright holder the exclusive right to reproduce, distribute, perform, and display the copyrighted work. *See* 17 U.S.C. § 106. A state law cause of action is equivalent to these rights if "[t]he elements in

3

plaintiff's state law action involve elements that would not establish qualitatively different conduct by the defendants than the elements for an action under the Copyright Act."  *Daboub*, 42 F.3d at 290 (*quoting Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 650 F. Supp. 838, 850 (D. Mass. 1986)(internal brackets omitted)).  Stated differently, a state law cause of action is not preempted if an extra element exists that makes the cause of action qualitatively different from a copyright infringement claim.  *See Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 230 (4th Cir. 1993); *Computer Associates Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992); *Taquino v. Teledyne Monarch Rubber et al.*, 893 F.2d 1488, 1501 (5th Cir. 1990); 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.01[B] (2002).

Trevino's state law claims, as alleged, are clearly preempted by the Copyright Act.  Count II of Trevino's complaint alleges that defendants misappropriated his "Art," by "falsely marketing portions of the 'Art' as their own." (R. Doc. 1 at ¶19.)  "Specifically, the false representation of ownership by the defendants, the failure to give notice to the public that Trevino is the owner of the 'Art' and other acts . . . has resulted in confusing the public and has resulted in substantial loss of income to Trevino and unjust enrichment of defendants."

(*Id.* at ¶20.)  By "Art," Trevino means the USM Standing Eagle, (*See id.* at ¶ 9)("'USM Standing Eagle' (hereinafter referred to as 'Art')), which falls within the subject matter of copyright. Section 102(a)(5) of the Copyright act states that works of authorship include "pictorial, graphic, and sculptural works," 17 U.S.C. § 102(a)(5), and Trevino, in fact, has registered the USM Standing Eagle with the Copyright Office.  (*See* R. Doc. 1-3 at 1.)  Addressing step two in the preemption analysis, the Fifth Circuit has held that misappropriation claims that fail to allege "any element, such an invasion of personal rights or a breach of fiduciary duty, which render [their claims] different in kind from copyright infringement," are preempted.  *Daboub*, 42 F.3d at 289 (quoting *P.I.T.S. Films v. Laconis*, 588 F.Supp. 1383 (E.D. Mich. 1984))*; see also Alcatel, USA v. DGI Technologies, Inc.*, 166 F.3d 772, 787-89 (5th Cir. 1999).  It is also hornbook law that preemption applies to unjust enrichment claims based on the copying of a copyrighted work, *Asunto v. Schoup*, 132 F. Supp. 2d 445, 453 (E.D. La. 2000)(*citing* 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 101[B][1]. at 1-38(2000)), unless the claim arises out of an alleged contractual breach, and Trevino's claims do not.  *Id.* (*citing National Car Rental System, Inc. v. Computer Assoc. Int., Inc.*, 991 F.2d 426, 434-35 (8th Cir. 1993); *Dorsey v. Money Mack Music, Inc.*, 304 F. Supp. 2d

5

858, 865 (E.D. La. 2003). Trevino alleges that defendants were unjustly enriched when they copied his work without attribution. These allegations are not "qualitatively different" than his copyright infringement claim and are preempted. *See Rosciszewski*, 1 F.3d at 230; *Computer Associates Int'l*, 982 F.2d at 716; *Taquino*, 893 F.2d at 1501; 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.01[B] (2002).

In his brief, Trevino argues that his misappropriation and unjust enrichment claims are rooted in his right to privacy under Louisiana law and are therefore not preempted. Specifically, Trevino appears to argue that defendants misappropriated his name in addition to his art. Trevino's complaint fails to allege that defendants misappropriated his name. Nor is there any clear reference to Louisiana's privacy tort. Trevino has, however, requested leave to amend to cure the defects in his complaint.

Defendants have not answered Trevino's complaint, so Trevino may amend his compliant once as of right. *See* Fed. R. Civ. P. 15(a)(1)(A)("A party may amend its pleading once as a matter of course before being served with a responsive pleading."). Defendants nonetheless argue that any amendment would be frivolous in this case. The Court disagrees. "Louisiana law recognizes a cause of action for invasion of privacy," which prohibits "the appropriation of an individual's name or likeness

for the use or benefit of the defendant." *Roux v. Pflueger*, –
So. 3d –, 2009 WL 2005145, at *5 (La. Ct. App. July 8,
2009)(*citing Jaubert v. Crowley Post-Signal, Inc.*, 375 So. 2d
1386, 1388 (La. 1979)). While the USM Standing Eagle is
presumably not a likeness of Trevino, the drawing has Trevino's
name signed at the bottom. (See R. Doc. 1-3 at 3.) Further,
Courts have drawn the preemption line north of the privacy tort
Trevino seeks to bring. As the Fifth Circuit has recognized,
"the tort for misappropriation of name or likeness protects 'the
interest of the individual in the exclusive use of his own
identity, in so far as it is represented by his name or likeness,
and in so far as the use may be of benefit to him or to others.'"
*See Brown v. Ames*, 201 F.3d 654, 658 (5th Cir. 2000)(*citing*
Restatement (Second) of Torts § 652C (1977)). The tort protects
a person's rights in his persona, which "[do] not fall within the
subject matter of copyright." *Id.* For this reason, the Fifth
Circuit has held that Texas's invasion of privacy tort, which
also prohibits the misappropriation of someone's name or
likeness, is not preempted by the Copyright Act. *Id.* At least
one court applying Louisiana law has made the straightforward
application of this holding to Louisiana's privacy tort, which
prohibits the same conduct. *See Norred v. Labren Enterprises and
Management*, 2005 WL 3542945 (E.D. La. Nov. 14, 2005). Trevino

7

may therefore amend his complaint to assert this cause of action.

**III. Conclusion**

For the reasons stated, defendants' motion to dismiss is GRANTED and plaintiff is GRANTED leave to amend his complaint.

New Orleans, Louisiana, this 5th day of August, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE