UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN TREVINO                                                      CIVIL ACTION

VERSUS                                                            No. 09-3146

MACSPORTS, INC., ET AL                                            SECTION I/3

**ORDER AND REASONS**

Before the Court is a partial motion to dismiss[1] the invasion of privacy claims contained within plaintiff's first amended complaint filed by defendants, MacSports, Inc. and Academy, Ltd.[2] Plaintiff, John Trevino, opposes the motion. For the following reasons, the motion is **DENIED**.

*BACKGROUND*

Plaintiff, John Trevino, designed and owns the copyright to the "USM Standing Eagle," a drawing of the University of Southern Mississippi's Golden Eagle mascot. Trevino's drawing shows the mascot in a standing pose wearing a USM t-shirt. Included in Trevino's drawing is Trevino's signature.[3] Trevino alleges that MacSports manufactured folding chairs displaying his USM Standing Eagle without permission, which were sold by Academy Sports in its retail stores.[4]

---

[1] Plaintiff's original complaint raised federal copyright claims and state law misappropriation claims. The state law claims were dismissed on August 4, 2009. R. Doc. No. 18. Plaintiff's amended complaint re-alleges his federal copyright claims and adds state law invasion of privacy claims. Defendants' motion seeks to dismiss the invasion of privacy claims. It does not, however, seek dismissal of the federal copyright claims.
[2] R. Doc. No. 21.
[3] R. Doc. No. 19, para. 3.
[4] R. Doc. No. 1, para. 14.

1

On August 18, 2009, plaintiff filed his first amended complaint alleging that the actions of defendants constituted an invasion of privacy under Louisiana law.[5] Plaintiff alleged that the reproduction of his signature included in the drawing constitutes a misappropriation of plaintiff's name or likeness for the use or benefit of defendants.[6]

## *STANDARD OF LAW*

A district court can dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929, 940 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)); Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. See Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. Spivey, 197 F.3d at 774; Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Twombly, 127 S. Ct. at 1974, 167 L. Ed. 2d at 949). "'[C]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." Id. (quoting Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100

---

[5] R. Doc. No. 19, para. 3.
[6] R. Doc. No. 19, para. 3.

(5th Cir. 1974)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted).

## *DISCUSSION*

Defendants argue that plaintiff's invasion of privacy claims should be dismissed for the following reasons: (1) plaintiff does not allege that defendants distributed his artwork in Louisiana; and (2) the reproduction of plaintiff's signature is not a misappropriation of plaintiff's name or likeness. The Court will address each of these arguments in turn.

1. <u>Distribution within Louisiana</u>

Defendants argue that "[a]s there are no facts connecting this matter with Louisiana, there is no reason for Louisiana tort law to apply to this matter."[7] On a motion to dismiss, the Court will not look beyond the factual allegations in the complaint to determine whether relief should be granted. See Spivey, 197 F.3d at 774. Although defendants contend that the artwork was distributed only in Mississippi, there is nothing in either the original or amended complaint that suggests distribution was geographically limited. Plaintiff alleges that both MacSport and Academy have in the past and continue to do business in Louisiana.[8] Plaintiff further alleges that both defendants have reproduced and distributed copies of the "USM Standing Eagle." Construing the factual allegations in the light most favorable to plaintiff, the Court is persuaded that plaintiff has pleaded sufficient facts to survive a motion to dismiss on this ground.

---

[7] R. Doc. No. 21-1, p. 4.
[8] R. Doc. No. 1, paras. 2-3.

2. Whether plaintiff's signature constitutes his name or likeness

Under Louisiana law, it is an invasion of privacy for a defendant to appropriate an individual's name or likeness for the use or benefit of the defendant. Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386, 1388 (La. 1979). The purpose of liability for misappropriation is to protect the "reputation, prestige, social or commercial standing, public interest or other values of the plaintiff's name or likeness." Matthews v. Wozencraft, 15 F.3d 432, 437 (5th Cir. 1994) (citing Restatement (Second) of Torts § 652C (1997)). "[A]n appropriation occurs when a defendant passes himself off as the plaintiff or otherwise seeks to obtain for himself the values or benefits of the plaintiff's name or identity. Meadows v. Hartford Life Insurance Co., 492 F.3d 634, 638 (5th Cir. 2007). (citations and quotations omitted). The term "likeness" includes such things as pictures, drawings, and the use of a singer's distinctive voice. Matthews, 15 F.3d at 438 (citations omitted).

Plaintiff's amended complaint alleges that each of the reproductions sold by defendants contained the plaintiff's signature. While conceding that the signature appears in the artwork, defendants argue that a signature does not constitute a name or likeness. Defendant's argument ignores, however, the plain fact that an artist's signature on a piece of artwork denotes authorship and thus places the artist's prestige and reputation behind the work. In so doing, the signature adds value that is tied to the artist's name or identity. The Court is persuaded that, at this stage, plaintiff has sufficiently alleged an invasion of privacy claim.[9]

---

[9] Defendant also argues that the allegations made by plaintiff in the original and amended complaints are inconsistent. "Admissions made in superseded pleadings are as a general rule considered to lose their binding force, and to have value only as evidentiary admissions." White v. ARCO/Polymers, Inc., 720 F.2d 1391, 1396 n.5 (5th Cir. 1983). Although plaintiff's amended complaint only adds allegations, the invasion of privacy allegations are clearly intended to supersede plaintiff's previous state law claims. See R. Doc. No. 18, p. 6 (striking plaintiff's state law claims but giving plaintiff leave to amend his complaint to assert an invasion of privacy allegation). Accordingly, the Court will treat plaintiff's amended complaint as a superseding allegation and plaintiff is not bound by his previous pleading.

4

## *CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, March 5, 2010.

                                                                                      _____
                                                                                      **LANCE M. AFRICK**
                                                                                      **UNITED STATES DISTRICT JUDGE**